IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Travis McCrae *a/k/a Travis McCrea*, ) <br> ) <br> Plaintiff,    ) <br> ) <br> vs.    ) <br> ) <br> Toyota Florence, S.C., C.F.O. Matthew ) <br> Hoole,    ) <br> ) <br> Defendants.   ) <br> ) | Case No.: 4:24-cv-06220-JD-TER <br><br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 12), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Travis McCrae a/k/a Travis McCrea's ("Plaintiff" or "McCrae") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background. McCrae, proceeding *pro se* and *in forma pauperis*, sued Defendants Toyota Florence S.C. ("Toyota") and C.F.O. Matthew Hoole ("Hoole") (collectively "Defendants") regarding his purchase of a vehicle for about $36,000 from

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Toyota. (DE 1 at 1, 4.) Plaintiff alleges claims for breach of contract and violations of Fair Credit Reporting Act ("FCRA") and the Federal Trade Commission Act ("FTC Act"), among others.

Plaintiff also contends that jurisdiction lies in both federal question and diversity jurisdiction. (DE 1 at 2.) Plaintiff lists the same address for both Defendants; however, attachments to the Complaint show Defendant Toyota has a South Carolina address. Plaintiff does not allege what the reputational harm to his credit is.

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's *pro se* complaint under the procedural provisions of 28 U.S.C. § 1915 and under a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on February 12, 2025, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint without prejudice and without issuance and service of process because "it fails to state a claim upon which relief can be granted." (DE 12.)

Specifically, the Report finds the following:

- Plaintiff's alleged breach of contract claim is subject to summary dismissal. Plaintiff conclusorily alleges that Defendants mishandled Plaintiff's private information. (ECF No. 1 at 3). Plaintiff does not plead facts that lead to a plausible claim, in accordance with R.8, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(plaintiff is obligated to provide "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of

- action will not do"), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

- [E]ven considering these bare allegations, Plaintiff has not stated a claim to garner federal question jurisdiction, as the FCRA delineates requirements for three types of actors, including "(1) consumer reporting agencies, (2) users of consumer reports, and (3) the furnishers of information to consumer reporting agencies." *See Martin v. Sallie Mae, Inc., et al.*, No. 5:07-cv-00123, 2007 WL 4305607, at *9 (S.D. W. Va. Dec. 7, 2007) (*citing Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 11 (D. Mass. 2004)). These requirements are either enforced by appropriate government officials or private entities, not individuals. *See* 15 U.S.C. § 1681s-2.

- Plaintiff does not have a private right of action under the FCRA against any of the Defendants if his allegations are for furnishing inaccurate information to the credit bureaus. *Adams v. AT&T*, No. 7:20-CV-02015-TMC-KFM, 2020 WL 4820495, at *2 (D.S.C. July 15, 2020), *report and recommendation adopted sub nom.*, 2020 WL 4820202 (D.S.C. Aug. 19, 2020); 15 U.S.C. § 1681s-2(d); *Gibbs v. SLM Corp.*, 336 F. Supp. 2d 1, 12 (D. Mass. 2004), *aff'd,* 2005 WL 5493113 (1st Cir. Aug. 23, 2005).

- Plaintiff cites the FAR as the basis for his breach of contract allegations. (ECF No. 1 at 3). There is no private right of action under the Federal Acquisition Regulations. *Patel v. Fed. Deposit Ins. Corp.*, 2019 WL 11608272, at *1 (E.D. Va. Oct. 4, 2019). Moreover, the FAR is a set of rules that governs how the federal government buys supplies and services; Plaintiff's car buying transaction with a dealership is entirely unrelated and the assertion of FAR is legally frivolous.

- Plaintiff asserts generally that his claims are under the FTC Act. There is no private right of action under the Federal Trade Commission Act. *Bracken v. Simmons First Nat. Bank*, No. 6:13-cv-1377-TMC, 2014 WL 2613175, at *4 (D.S.C. June 9, 2014)(collecting cases).

(DE 12.) On November 15, 2024, Plaintiff objected to the Report. (DE 16.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

McCrae purportedly objects to the Report by stating that he is addressing the violations by Defendants

> which include breaches of personal property rights, fiduciary duties, improper underwriting practices, unauthorized disclosure of personal information, and involvement in conspiracy.

(DE 16 at 1.) Putting aside these legal theories, the "Defendants" identified with the claims above appear to target these companies: Ample Towing and affiliates, Farm Bureau Insurance, and Wells Fargo Bank, none of whom are named in this action—Toyota or Hoole (*Id.* at 2-3.) Therefore, the Court overrules the objection as inapplicable to the Defendants named in this action.

4

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 12) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's complaint (DE 1) is dismissed without prejudice and without issuance and service of process. Given this ruling, any pending motions in this action (DE 15, 18) are denied as moot without discussion herein.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 23, 2025


**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.